NB:SSA
F. #2022R00503

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 21 2022 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

RAMEL THOMPSON,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **CR 22 334**
(T. 18, U.S.C., §§ 922(a)(1)(A),
922(g)(1), 924(a)(1)(D), 924(a)(2),
924(c)(1)(A)(i), 924(d)(1), 2 and 3551 et
seq.; T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(B)(iii), 841(b)(1)(C), 846,
853(a) and 853(p); T. 28, U.S.C.
§ 2461(c))

**SEYBERT, J.**

**DUNST, M.J.**

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Firearms Trafficking)

1.    In or about and between November 2021 and February 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, together with others, not being a licensed importer, licensed manufacturer or licensed dealer in firearms, did knowingly and willfully engage in the business of dealing firearms, to wit: (1) a .45 caliber HS Produkts XDS pistol with serial number XS581403; (2) a .40 caliber Smith & Wesson SD40 VE pistol with serial number FDK6342; (3) a 9mm Taurus G2C pistol with serial number ABC392017; and (4) a 9mm SCCY CPX-2 pistol with serial number C015907.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 <u>et seq.</u>)

## COUNT TWO
(Felon in Possession of a Firearm)

2. On or about January 26, 2022, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a .45 caliber HS Produkts XDS pistol with serial number XS581403.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT THREE
(Felon in Possession of a Firearm)

3. On or about February 3, 2022, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a .40 caliber Smith & Wesson SD40 VE pistol with serial number FDK6342.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT FOUR
(Felon in Possession of a Firearm)

4. On or about February 10, 2022, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: a 9mm Taurus G2C pistol with serial number ABC392017 and a 9mm SCCY CPX-2 pistol with serial number C015907.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT FIVE
(Conspiracy to Distribute and Possess
with Intent to Distribute Controlled Substances)

5. In or about and between November 2021 and February 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine base involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 28 grams or more of a substance containing cocaine base.

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(iii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SIX
(Distribution and Possession with Intent to Distribute Cocaine Base)

6. On or about November 5, 2021, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVEN
(Distribution and Possession with Intent to Distribute Cocaine Base)

7. On or about November 18, 2021, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, together with others, did knowingly and

intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHT
(Distribution and Possession with Intent to Distribute Cocaine Base)

8. On or about December 1, 2021, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
(Distribution and Possession with Intent to Distribute Cocaine Base)

9. On or about January 26, 2022, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TEN
(Distribution and Possession with Intent to Distribute Cocaine Base)

10. On or about February 3, 2022, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, together with others, did knowingly and

intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT ELEVEN
(Distribution and Possession with Intent to Distribute Cocaine Base)

11. On or about February 10, 2022, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWELVE
(Use of a Firearm in Connection with a Drug Trafficking Crime)

12. On or about February 10, 2022, within the Eastern District of New York and elsewhere, the defendant RAMEL THOMPSON, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Count Five and Count Eleven, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crimes.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH FOUR AND COUNT TWELVE

13. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Four and Count Twelve, the government will seek forfeiture in accordance with Title 18, United States Code, Section

924(d)(1) and Title 28, United States Code, Section 2416(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violations of Title 18, United States Codes, Section 922 or Section 924, including but not limited to:

    (a)    one .45 caliber HS Produkts XDS pistol with serial number XS581403;

    (b)    one .40 caliber Smith & Wesson SD40 VE pistol with serial number FDK6342;

    (c)    one 9mm Taurus G2C pistol with serial number ABC392017; and

    (d)    one 9mm SCCY CPX-2 pistol with serial number C015907.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE THROUGH ELEVEN

15. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Five through Eleven, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to:

(a) one .45 caliber HS Produkts XDS pistol with serial number XS581403;

(b) one .40 caliber Smith & Wesson SD40 VE pistol with serial number FDK6342;

(c) one 9mm Taurus G2C pistol with serial number ABC392017; and

(d) one 9mm SCCY CPX-2 pistol with serial number C015907.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: *Carolyn Pokorny*
_____
Assistant U.S. Attorney

F.#: 2022R00503

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

RAMEL THOMPSON,

Defendant.

# INDICTMENT

( T. 18, U.S.C., §§ 922(a)(1)(A), 922(g)(1), 924(a)(1)(D), 924(a)(2), 924(c)(1)(A)(i), 924(d)(1), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C), 846, 853(a) and 853(p); T. 28, U.S.C. § 2461(c))

*A true bill.*

_____ /s/ illegible
 Foreperson

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
 Clerk

*Bail, $* _____

**Samantha Alessi, Assistant U.S. Attorney**